RCVD - USDC - CHAS, SC
2026 OCT 5 PM1:57

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Jay Connor,<br><br>Plaintiff,<br><br>Vs.<br><br>Sintra Mortgage LLC and Lydia Orow Individually and John Doe<br><br>Defendants. | C/A No: 2:26-cv-4457-JD-MGB<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff complaining of the Defendants alleges as follows:

## TYPE OF ACTION

1. This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty and S.C. Code Section § 37-21.

## PARTIES

2. Plaintiff is a resident of Charleston County, South Carolina.

3. The calls alleged in this complaint were made to Plaintiff's wireless phone line in South Carolina.

4. Defendant Sintra Mortgage LLC. (hereinafter "Sintra") is a Michigan limited liability company.

5. Upon information and belief, Sintra's principal office is located at 3310 W. Beaver Road Suite 210, Troy MI 48084.

6. Sintra makes calls to residents of South Carolina.

7. Sintra conducts and transacts business in South Carolina.

8. Sintra's national mortgage license number is 2687191.

9. Defendant Lydia Orow ("Orow") is an individual.

10. Upon information and belief, Orow is a Michigan resident.

11. Orow is an employee of Sintra.

12. Orow makes calls to residents of South Carolina.

13. Orow conducts and transacts business in South Carolina.

14. The true identity of John Doe is unknown at this time.

## VENUE AND JURISDICTION

15. This cause of action arises out of conduct of Defendants initiating telephone solicitations to Plaintiff's wireless telephone number in Charleston County South Carolina.

16. Plaintiff is a resident of Charleston County.

17. Pursuant to *Mims v. Arrow Fin. Services. LLC 565* U.S. 368, 372 (2012), this court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under the South Carolina Telephone Privacy Protection Act, S.C. Code Section 37-21, because the state claims arise from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff, and add little complexity to the case. Furthermore, pursuant to Section 37-21-100, "Nothing in this chapter must be construed to limit any remedies, causes of action, or penalties available to a person or governmental agency under another federal or state law."

## The Telephone Consumer Protection Act

18. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone

records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

19. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

20. The TCPA provides a private right of action under section 47 U.S.C § 227 (c)(5) for a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under the subsection.

**The South Carolina Telephone Privacy Protection Act**

21. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, et seq.

22. The SCTPPA requires that "at the outset of a telephone solicitation, a telephone solicitor shall provide…the name of the person on whose behalf the telephone solicitation is being made." 37-21-40(A).

23. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

24. The SCTPPA provides a private right of action under section S.C. Code § 37-21-80 for a person who has received a telephone call or a text in violation of the regulations prescribed under the statute.

**Factual Allegations**

25. The telemarketing campaign alleged herein included placing multiple telephone solicitations via text message and a telephone call (the "Calls" or "Message") to Plaintiff's number to promote mortgage services.

26. Defendant Sintra, directly or by those on its behalf, placed the alleged telephone solicitations to Connor's wireless number.

27. Defendant Orow, directly or by those on its behalf, placed at least on telephone solicitation via call to Connor's wireless number after he made a Do Not Call Request to her.

Telephone calls to Plaintiff

28. Plaintiff Connor is a "person" as defined by 47 U.S.C. § 153(39).

29. Plaintiff Connor is a "person" as defined by SC Code Section 37-21-20.

30. Defendant Sintra is a "person" as defined by SC Code Section 37-21-20.

31. Defendant Orow is a "person" as defined by SC Code Section 37-21-20.

32. Orow participated in the Message and Call alleged herein, had knowledge of the Message and Call, or by failure to act, allowed such Message and Call to be made to Plaintiff.

33. Plaintiff is the sole subscriber to the wireless telephone number (843) 557-XXXX.

34. Plaintiff uses the cellular telephone as a personal residential number.

35. Plaintiff's number, (843) 557-XXXX, has been on the National Do Not Call Registry since 2009.

36. Plaintiff did not provide consent to receive text messages from Defendants.

37. Plaintiff did not provide consent to receive calls from Defendants.

38. Plaintiff instructed Defendants to stop calling him prior to the Call alleged herein.

39. Plaintiff was harmed by Defendants' conduct because the calls

40. Plaintiff's privacy has been repeatedly violated by above-described telemarketing calls.

41. On July September 23, 2026, at or about 10:17 a.m. EST, Plaintiff received the first text message ("Message") to his wireless number.

42. The Message transmitted the Caller ID 248-617-2027.

43. The Caller ID did not transmit the name of the calling party.

44. The First Message did not provide the name of the calling party, the company on whose behalf the text was being made, the address of the calling party.

45. The anonymous message promoted an "update" to a home equity loan.

46. The Message was part of a solicitation campaign for the Defendants.

47. After receiving the Message, Plaintiff instructed Defendant Orow not to call him again.

48. On September, 23 2026, at or about 1:34 p.m. EST, Plaintiff received the a call call ("Second Call") from Defendants.

49. The Call transmitted the Caller ID 586-207-9243.

50. The Caller ID did not transmit the name of the calling party.

51. The purpose of the Call was to set an appointment to solicit Sintra mortgage services to Plaintiff.

52. Ms. Orow expressed knowledge of the text campaign, and informed Plaintiff that Sintra had received complaints for the text messages prior to initiating a text to Plaintiff.

53. Ms. Orow did not have evidence of consent from Connor for the Call or Message made to his number.

54. Plaintiff's privacy has been violated by the above-described telephone solicitations from Defendants because the Call and the Message were annoying, harassing, and a nuisance, and the occupied Plaintiff's telephone line, storage space, and bandwidth, rendering his phone unavailable for legitimate communications, including while spending time with significant others, and performing other tasks.

55. The telephone solicitations to the Plaintiff were unwanted.

## CAUSES OF ACTION

### Count One:

### Violations of the TCPA's Implementing Regulations

### Codified at 47 C.F.R. § 64.1200

56. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

57. By placing (2) telemarketing telephone solicitations to the Plaintiff's telephone number, which he registered on the National Do-Not-Call Registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff's number on their Do-Not-Call list, Defendants jointly and severally, violated 47 U.S.C. § 227 (c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

58. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), and Plaintiff is entitled to an award of $500 - $1,500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R.§64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

### Count Two:

### Violations of the 47 C.F.R. § 64.1601

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. By placing one (1) telemarketing Message to the Plaintiff's telephone number using Caller ID information that fails to provide accurate identification information of the calling party, the Message violates 47 C.F.R. § 64.1601(e).

**Count Three:**

**Violations of the SCTPPA**

61. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

63. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the SCTPPA, including: (a) initiating two telephone solicitations, one by call and one by text message to a telephone number on the federal Do Not Call Registry (b) the failure to "shall provide, in a clear and conspicuous manner, a first and last name to identify the company and provide the name of the person on whose behalf the telephone solicitation is being made"

64. The Defendants' violations were negligent and/or knowing.

65. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

- For the statutory damages of $500 to $1,500 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the TCPA;
- For the statutory damages of $1,000 to $5,000 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the SCTPPA;
- For an award of attorneys' fees pursuant to the SCTPPA;
- For unspecified punitive damages in an amount to be determined by the jury.

Respectfully Submitted,

Jay Connor Plaintiff, *Pro Se*

215 East Bay Street 201-F
Charleston, SC 29401
Jayc650@hush.com
(843) 557-5724 (Residential)

October 5, 2026